**Rozlyn ACKERMANN, Individually and as a Personal Representative of Martin Lindsey Ackermann**

v.

**WYETH PHARMACEUTICALS**

**No. 4:05CV84.**

United States District Court, E.D. Texas, Sherman Division.

Oct. 17, 2006.

---

Arnold Anderson (Andy) Vickery, Vickery & Waldner, Houston, TX, for Plaintiff.

David Booth Alden, Edward J. Sebold, Mark Herrmann, Jones Day, Cleveland, OH, David S. Rutkowski, Jones Day, Washington, DC, Susan E. Burnett, Michael R. Klatt, Clark Thomas & Winters, Austin, TX, for Defendant.

## ORDER

BUSH, United States Magistrate Judge.

Plaintiff, Rozlyn Ackermann, has filed a Motion in Limine Regarding Celexa (Docket No. 66). Plaintiff sued only Wyeth Pharmaceuticals ("Wyeth") for the death of her husband ("Mr. Ackermann").

She contends that Wyeth's product, Effexor, a SSRI antidepressant, caused Mr. Ackermann's suicide. She has now filed a Motion in Limine to prevent Wyeth from "having its cake and eating it too." Her complaint is that Wyeth will introduce evidence that Mr. Ackermann was taking Celexa at the time of his death and that only Celexa was found in his blood stream. Celexa is a SSRI antidepressant manufactured by Forest Laboratories ("Forest").

From Plaintiff's motion it appears that prior to taking Effexor Mr. Ackermann was taking Celexa. Mr. Ackermann switched to Effexor when he consulted a new physician, but within a week discontinued its use. He then went back on Celexa for a short period before his tragic suicide. Plaintiff moves for exclusion of Mr. Ackermann's use of Celexa on two grounds. First, Wyeth has not designated Forest as a responsible third party. Second, evidence as to his use of Celexa would be confusing and prejudicial and not relevant in light of Wyeth's failure to designate Forest.

Plaintiff also states that it was a conscious decision not to sue Forest since she contends that Mr. Ackermann did not manifest the same behavior characteristics while on Celexa. There is also some evidence presented in the motion that there was no "wash out" period when Mr. Ackermann switched from Celexa to Effexor and then back to Celexa.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence. FED. R. EVID. 401. The fact that Mr. Ackermann was on Celexa before he switched to Effexor and that he switched again to Celexa is relevant to the inquiry whether Effexor contributed to his death

or whether some other drug caused or contributed to his suicide. Plaintiff also argues that evidence of Celexa is prejudicial to its case relying on FED. R. EVID. 403. Plaintiff argues that even though such evidence might be potentially relevant, such evidence should be excluded because of unfair prejudice, confusion of the issues or misleading the jury. The Court finds that FED. R. EVID. 403 does not preclude evidence simply because it may negate a critical component of Plaintiff's case on causation. To foreclose this line of inquiry as advocated by Plaintiff has no basis in law or fact.

Plaintiff also argues that Defendant's failure to designate Forest as a responsible third party should preclude any evidence that Celexa caused or contributed to Mr. Ackermann's death. TEX. CIV.PRAC. & REM. CODE ANN. (Vernon 2003) Section 33.004 merely provides that a defendant *may* seek to designate a person as a responsible third party. No liability is imposed on the person joined as a responsible third party. In failing to designate Forest, Wyeth risks that it may find itself responsible for all damages awarded. There is no requirement that Wyeth join Forest nor is there any prohibition against the introduction of relevant evidence for its failure to do what it is not required to do.

The Court views Plaintiff's attempt to preclude this evidence for what it is: a backdoor attempt to revive the statute of limitations and to get "two bites at two apples." Therefore, it is

ORDERED that Plaintiff's Motion in Limine Regarding Celexa is in all things, DENIED.